IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PATRICE KELLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: _____ |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

Plaintiff, Patrice Keller, brings this suit against the United States of America, pursuant to the Federal Tort Claims Act.

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to 28 U.S.C.A. §§ 1346(b)(1) and 2671-2680, commonly known as the "Federal Tort Claims Act," which vests subject matter jurisdiction for this claim exclusively in the United States District Courts.

2. This Court is the proper venue pursuant to 28 U.S.C.A. § 1402(b), as the Plaintiff resides in this judicial district and the acts and omissions forming the basis of this claim occurred in this judicial district.

## PARTIES

3. Plaintiff, Patrice Keller, Thomas Keller's surviving spouse and next of kin, brings this lawsuit against the Defendant, United States of America, to recover damages for Thomas Keller's wrongful death occurring on January 22, 2020 and resulting from the negligence of employees or agents of the United States Department of Veterans Affairs

{00146613.DOCX / ver:10 }

at the VA Tennessee Valley Healthcare System – Nashville VA Medical Center ("Nashville VA Medical Center") in Nashville, Tennessee.

4. Plaintiff, Patrice Keller, Thomas Keller's surviving spouse and next of kin, is currently and was at the time of the underlying events, a resident of Brentwood, Williamson County, Tennessee.

5. Pursuant to Tenn. Code Ann. §§ 20-5-106 and 107, Plaintiff Patrice Keller, as surviving spouse of Thomas Keller, is the proper party to pursue an action for the injuries and wrongful death of Thomas Keller.

6. Defendant, United States of America, is the proper party pursuant to 28 U.S.C.A. §§ 2674 and 2679 because Thomas Keller's death and resulting damages were proximately caused by the negligent actions and omissions of the officers, agents, servants, employees, and/or representatives of the Nashville VA Medical Center whose treatment of Thomas Keller fell below the applicable standard of care, while acting within the course and scope of their employment, thereby resulting in Thomas Keller's death.

7. The United States of America may be served with process in accordance with Rule 4(i) of the Federal Rules of Civil Procedure by serving a copy of the Summons and Complaint by certified mail, return receipt requested, on Civil Process Clerk, United States Attorney's Office, 110 9th Avenue South, Suite A-961, Nashville, TN 37203, and by serving a copy of the Summons and Complaint by certified mail, return receipt requested on the United States Attorney, General Merrick B. Garland, United States Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001.

## LIABILITY OF THE UNITED STATES OF AMERICA

8. This lawsuit is against the United States of America in compliance with Title 28 U.S.C.A. §§ 2671-2680, the Federal Tort Claims Act, because the injuries, death, and resulting damages were proximately caused by the negligence, wrongful acts, and omissions, of employees and agents of the United States of America working at the Nashville VA Medical Center, while acting within the scope of their office, employment, and agency.

9. The Department of Veterans Affairs is an agency of the United States of America.

10. The United States of America, through its agency, the Department of Veterans Affairs, at all material times owned, operated, and controlled the Nashville VA Medical Center and staffed its facilities with its agents, servants, and employees.

11. At all material times, all persons involved in the medical and health care services provided to Thomas Keller at the Nashville VA Medical Center were agents, servants and/or employees of the United States Department of Veterans Affairs, United States of America, or some agency thereof, and were at all material times acting within the course and scope of such employment.

12. The United States of America is liable for the wrongful acts and omissions of all officers, agents, servants, employees, and/or representatives of the Nashville VA Medical Center who provided care or services to Thomas Keller or who had anything to do with the evaluation and medical decisions on January 21 and 22, 2020 involving Thomas Keller.

13. Individuals providing care to Thomas Keller included Claire Underwood Hailey, M.D., Luis H. Navarro, R.N., and various unknown health care providers.

## JURISDICTIONAL PRE-REQUISITES

14. On January 15, 2021, Plaintiff submitted a Standard Form 95 to the VA Tennessee Valley Healthcare System – Nashville VA Medical Center; United States Department of Veterans Affairs, Office of Regional Counsel, Nashville, Tennessee; United States Attorney for the Middle District of Tennessee; and the United States Department of Veterans Affairs, Office of General Counsel, Washington, D.C. A copy of the Standard Form 95 is included in Exhibit A to this Complaint.

15. On January 29, 2021, the United States Department of Veterans Affairs acknowledged that it received Plaintiff's tort claim (Standard Form 95) on January 20, 2021.

16. On February 2, 2021, Plaintiff submitted an amended Standard Form 95 to the VA Tennessee Valley Healthcare System – Nashville VA Medical Center; United States Department of Veterans Affairs, Office of Regional Counsel, Nashville, Tennessee; United States Attorney for the Middle District of Tennessee; and the United States Department of Veterans Affairs, Office of General Counsel, Washington, D.C. The Amended Standard Form 95 was received by the addressees on February 3-4, 2021. A copy of the Amended Standard Form 95 is attached as Exhibit B.

17. Patrice Keller properly presented her claim to the Department of Veterans Affairs and complied with the provisions of 28 U.S.C.A. § 2675(a) and all other jurisdictional prerequisites, including the submission of timely administrative notice, the

requirement of Tenn. Code Ann. § 29-26-122(a) and (b), and other necessary conditions prior to the commencement of this action.

18. Patrice Keller's Standard Form 95 and Amended Standard Form 95 stated a claim of two million dollars ($2,000,000).

19. August 2, 2021 was six months following Plaintiff's submission of her Amended Form 95. Pursuant to 28 U.S.C.A. § 2675(a), Plaintiff elects to deem the agency failure to make a final disposition within six months a final denial of her claim.

20. Plaintiff has filed her Complaint within the applicable statute of limitations and statute of repose based on 28 U.S.C.A. § 2401(b).

PLAINTIFF'S COMPLIANCE WITH TENN. CODE ANN. §§ 29-26-121 AND 122

21. Plaintiff complied with the notice requirements of Tenn. Code Ann. § 29-26-121(a) and provided the required documentation specified in § 29-26-121(a)(2) to the Defendant on January 15, 2021, more than 60 days before filing the Complaint.

22. Plaintiff demonstrated her compliance with the provisions of Tenn. Code Ann. § 29-26-121(a)(1), 29-26-121(a)(2), 29-26-121(a)(3), 29-26-121(a)(4), and 29-26-121(b) as evidenced by the affidavit attached as Exhibit A to this Complaint which includes as attachments copies of the certificates of mailing from the United States Postal Service stamped with the date of mailing along with copies of the notice and enclosures sent to the Defendant.

23. Plaintiff complied with the requirements of Tenn. Code Ann. § 29-26-121(a) by sending her notice of claim and enclosures by certified mail, return receipt requested to VA Tennessee Valley Healthcare System – Nashville VA Medical Center at the provider's current business address where care was provided; to the United States

Department of Veterans Affairs, Office of Regional Counsel; the United States Department of Veterans Affairs, Office of General Counsel, Washington, D.C. and to the United States Attorney for the Middle District of Tennessee, all of whom are agents or representatives of VA Tennessee Valley Healthcare System – Nashville VA Medical Center.

24. The requirements of Tenn. Code Ann. § 29-26-121(a) and (b) have been satisfied.

25. Pursuant to Tenn. Code Ann. § 29-26-122, a Certificate of Good Faith signed by undersigned counsel is attached as Exhibit C to the Complaint.

## FACTUAL BACKGROUND

26. Thomas Keller died on January 22, 2020 at the Nashville VA Medical Center. He was 74 years old.

27. Thomas Keller was a veteran having served his country in Vietnam as a member of the United States Army. He was honorably discharged.

28. He was a retired Assistant Professor of Mass Communications at Middle Tennessee State University.

29. On the evening of January 21, 2020, while at home, Thomas Keller experienced pain in his chest and shoulder blades extending up to his neck and jaw.

30. Patrice Keller drove her husband to the emergency department at the Nashville VA Medical Center.

31. Shortly after arriving at the emergency department, Thomas Keller was taken to triage. According to the triage note, Thomas Keller's chief complaint included a 20-minute history of right sided shoulder, neck and rib pain moving up to his teeth.

32. An EKG was performed while Thomas Keller was in triage.

33. No other tests were ordered or performed, and no blood was drawn.

34. After the EKG, emergency department personnel told Thomas Keller to return to the waiting room and a doctor would see him after reading the EKG.

35. Thomas Keller and Patrice Keller sat waiting at the Nashville VA Medical Center for almost three hours.

36. During the almost three hours Thomas Keller was in the waiting room, no one came to get him, there was no further evaluation, no further tests were performed, and no one communicated with Thomas Keller about his condition.

37. Shortly before midnight, Thomas Keller informed the receptionist in the waiting room that he was feeling better and was going home. Thomas Keller told the receptionist that the doctors must not think his condition was serious since it had been almost three hours, and no one had followed up with him.

38. Patrice and Thomas Keller walked to their car in the parking lot. As Patrice put the car in gear, her husband made a gurgling sound and slumped over.

39. Thomas Keller was taken back to the emergency department. A Code Blue was called, and CPR begun. Physicians were unable to revive Thomas Keller. He was pronounced dead at 12:41 a.m. on January 22, 2020.

## NEGLIGENCE

40. The United States of America, its agents, employees, and representatives all of whom were acting within the course and scope of their employment and agency, for and on behalf of the United States of America, failed to act with ordinary and reasonable care in their treatment, evaluation, and services to Thomas Keller. Such care, treatment,

and services fell below the recognized standard of acceptable professional practice for hospitals and hospital personnel in Nashville or similar communities in the following respects:

    (a)    failed to appropriately evaluate, monitor, and treat Thomas Keller on January 21, 2020;

    (b)    failed to adequately train, supervise, and monitor the nurses, physicians, emergency department personnel, employees and agents involved in the care of Thomas Keller;

    (c)    failed to promulgate, enforce, and follow appropriate policies, procedures, protocols and guidelines for care and treatment of patients in the emergency department; and

    (d)    failed to act with ordinary and reasonable care in accordance with the recognized standard of acceptable practice for hospitals, nursing staff, and hospital personnel in Nashville, Tennessee, and similar communities.

## INJURIES AND DAMAGES

41. As a result of the negligent acts, omissions and failures by agents, employees, and representatives of the Nashville VA Medical Center, Thomas Keller died an unnecessary and wrongful death on January 22, 2020.

42. Patrice Keller seeks recovery for Thomas Keller's physical pain, suffering and mental anguish before his death as well as the pecuniary value of Thomas Keller's life, including recovery for the loss of companionship, love, affection, consortium, and guidance.

WHEREFORE, Plaintiff Patrice Keller seeks the following relief:

    a.    A judgment against the Defendant for compensatory damages in the amount of $2,000,000; and

    b.    Costs and any other appropriate relief to which she is entitled.

Respectfully submitted,

/s/ William D. Leader, Jr.

William D. Leader, Jr. (B.P.R. No. 09531)
Nicholas R. Barry (B.P.R. No. 31963)
LEADER LAW PLC
Capitol View
500 Eleventh Avenue North, Suite 730
Nashville, Tennessee 37203-5495
bleader@leader.law
nbarry@leader.law
(615) 780-4111

*Attorneys for Patrice Keller*